IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| GERALD RAY BARROW, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. C-04-496 |
| | § | |
| T.D.C. Dietetic, et al, | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

On April 14, 2005, a final judgment dismissing this case was entered (D.E. 19, 20). No appeal was filed. Eighteen months later, plaintiff has filed a motion titled "motion of consent" (D.E. 22) in which he requests permission to pursue an out of time appeal. For the reasons discussed herein, the motion is treated as a motion to reopen the time for filing a notice of appeal, and the motion is denied.

### APPLICABLE LAW

In a civil case, a notice of appeal must be filed within thirty days of entry of judgment. Fed. R. App. P. 4(a)(1)(A). Failure to timely file a notice of appeal deprives the appellate court of jurisdiction. *Wilkins v. Johnson*, 238 F.3d 328, 330 (5th Cir.), *cert. denied*, 533 U.S. 956, 121 S.Ct. 2605 (2001). Final judgment was entered in this case April 14, 2005 (D.E. 20). Plaintiff's notice of appeal should have been filed within thirty days, on or before May 14, 2005. Fed. R. App. P. 4(a)(1)(A). Plaintiff's motion was filed October 10, 2006 (D.E. 22), eighteen months later – too late for a motion for an extension of time to file notice of appeal. *See* Fed. R. App. P. 4(a)(5) (motion for extension of time must be filed within thirty days of the time the notice of appeal was due).

The only "*reopening* lifeline" available to Plaintiff is contained in Fed. R. App. P. 4(a)(6);[1] *Wilkins*, 238 F.3d at 330 (emphasis in original); accordingly, Plaintiff's motion for leave to file an out-of-time appeal will be treated as a motion for leave to extend the time to file an appeal under Fed. R. App. P. 4(a)(6). The rule sets forth the circumstances under which the district court may reopen the time to file a notice of appeal:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> >
> > (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The commentary to this 1991 addition to Rule 4 is instructive: "The amendment provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." Fed. R. App. P. 4, Advisory Committee Notes, 1991 Amendment. If the movant demonstrates that all the rule's requirements have been met,

---

[1] Fed. R. Civ. P. 60(b) is no longer available to extend the filing period for noticing an appeal. *Latham v. Wells Fargo Bank, N.A.* 987 F.2d 1199, 1204 (5th Cir. 1993) (citing *Wilson v. Atwood Group*, 725 F.2d 255 (5th Cir.) (en banc), *cert. dismissed*, 468 U.S. 1222, 105 S.Ct. 17 (1984)); *In re Stein*, 197 F.3d 421, 425 (9th Cir. 1999) (citing Charles Alan Wright, et al., *Federal Practice and Procedure* § 3590.6 at 228 (3d ed. 1999)).

the district court has *discretion,* but is not required, to grant relief. *Matter of Jones*, 970 F.2d 36, 39 (5th Cir. 1992).

Here, plaintiff admits he timely received a copy of the final judgment. He merely states that he was unable, due to his personal circumstances, to timely file a notice of appeal. Moreover, his motion was filed more than 180 days after the entry of judgment. Plaintiff cannot satisfy the requirements of the rule, and his motion must be denied.

## CONCLUSION

Plaintiff's motion of consent, treated as a motion to reopen the time for filing a notice of appeal (D.E. 22) is DENIED.

ORDERED this 17th day of October, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

3